Mario Alberto Rodriguez **CURIEL** and Norma Silva Gonzalez, Petitioners,

v.

Eric H. **HOLDER,** Jr., Attorney General, Respondent.

No. 11–72232.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 13, 2013.

Mario Alberto Rodriguez Curiel, La Puente, CA, pro se.

Norma Silva Gonzalez, La Puente, CA, pro se.

Oil, Ann Carroll Varnon, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Mario Alberto Rodriguez Curiel and Norma Silva Gonzalez, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

their appeal from an immigration judge's denial of their motion to reconsider, and denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and reconsider. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reconsider where the motion failed to identify any error of fact or law in the IJ's prior order. *See* 8 C.F.R. §§ 1003.23(b)(2); 1205.10(a)(3)(i)-(ii), 1245.10(a)(4).

Petitioners failed to challenge the BIA's determination that their motion to reopen was time- and number-barred, and therefore waived review of that issue. *See Rizk v. Holder,* 629 F.3d 1083, 1091 n. 3 (9th Cir.2011).

Petitioners' contention that the BIA failed to articulate its reasoning is not supported by the record.

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen the proceedings. *See Mejia–Hernandez v. Holder,* 633 F.3d 818, 823–24 (9th Cir.2011).

Finally, petitioners' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.